## DAVENPORT *versus* DRAKE.

QUESTION IN THIS CASE.

*As to discrediting a witness.*

1. A defendant, after his testimony in defence, is closed, has a right to prove that a witness called by the plaintiff, to rebut the defence, is unworthy of credit.

Trover by Drake against Davenport, in Lowndes Circuit Court.

After the defendant had closed his testimony, a witness to prove facts, rebutting those reli ed on in defence, was examined by the plaintiff. The defendant then offered to prove, that this witness was not entitled to credit; which the Court below refused to admit.

Exceptions and writ of error to this Court.

Argued by *Mr. Dargan* for plaintiff in error.

*Per Curiam.*—The defendant in error, brought an action of trover, in the Circuit Court of Lowndes.— After the examination of the witnesses, introduced on the part of the defence, had closed, the plaintiff below examined a witness, for the purpose of rebutting their testimony; who had not been examined previously: The plaintiff in error proposed to introduce witnesses to discredit this witness; which the Court refused to allow. The refusal of the Court is now assigned for error.

DAVENPORT *vs.* DRAKE.

It is settled, beyond controversy, that it is competent to discredit a witness by general evidence, affecting his credit ; and it is quite immaterial, whether the witness whose testimony is attacked, is examined by the plaintiff in the first instance, or is only introduced to rebut what has been proved by the defendant's witnesses. If the defendant avails himself of the earliest opportunity to discredit, he has a *right* to be heard.[a]

The judgment is reversed, and the cause remanded.

[a] 1 Starkie's Ev. 145; 3 ib. 1753.